# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS WALTERS, CARGOBARN, INC., A California corporation,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>C. H. ROBINSON COMPANY, a Delaware corporation, BRIAN RUFFINO, and DOES 1 to 100, INCLUSIVE,<br><br>　　　　　　Defendants. | 1:13-CV- 0758 AWI MSJ<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER |

## BACKGROUND

On May 2, 2013, C. H. Robinson Worldwide, Inc. ("CHR Worldwide") filed a complaint against Plaintiffs in the State of Minnesota, County of Hennepin ("Minnesota Action"). On May 9, 2013, the Defendants in the Minnesota Action and the Plaintiffs in this action, Nicolas Walters and CargoBarn, Inc. ("Plaintiffs"), removed the Minnesota Action to the United States District Court for the District of Minnesota. On May 13, 2013, in the Minnesota Action, CHR Worldwide filed Motion for a motion for a preliminary injunction requesting that a confidentiality and non-competition agreement, signed by Plaintiff Nicolas Walters when he began work for CHR Worldwide ("the Agreement"), be enforced. On May 16, 2013, the Federal Court in the Minnesota Action issued an order granting CHR Worldwide's motion for a preliminary injunction.

On May 21, 2013, Plaintiffs filed a complaint in the California Superior Court for Fresno County against Defendants C.H. Robinson Company and Brian Ruffino ("Defendants"). The complaint alleges causes of action for: Declaratory Relief; Unfair Trade Practices; and Tortuous Interference with Contractual Relations. Plaintiffs also filed an application for temporary restraining order ("TRO") in the Fresno County Superior Court. On May 22, 2013, Defendants removed the complaint to this Court.

On May 28, 2013, Plaintiffs filed an ex parte motion for a temporary restraining order. Plaintiffs seek an order restraining Defendants from restraining Plaintiffs' business activities in California pending a further hearing on merits of this action, including issues pertaining to jurisdiction and venue.

## LEGAL STANDARD

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, a temporary restraining order may be granted without notice to the adverse party only if: 1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and 2) the applicant's attorney certifies the reasons that notice should not be required.

The substantive standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction. Bronco Wine Co. v. U.S. Dep't of Treasury, 997 F.Supp. 1309, 1313 (E.D. Cal. 1996); Lockheed Missile & Space Co. v. Hughes Aircraft Co., 887 F.Supp. 1320, 1323 (N.D. Cal. 1995). Plaintiffs seeking a preliminary injunction must establish: (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in their favor, and (4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 374 (2008); Park Vill. Apt. Tenants Ass'n v. Mortimer Howard Trust, 636 F.3d 1150, 1160 (9th Cir. 2011).

## DISCUSSION

Preliminarily, the Court notes that Plaintiffs have filed an ex parte motion for a temporary restraining order. However, Plaintiffs have not shown how immediate and irreparable injury

will result if Defendants cannot be heard in opposition.   In addition, no attorney has certified the reasons that notice should not be required.   Finally, it does not appear Plaintiffs believe notice to Defendants is inappropriate because Plaintiffs own evidence shows that they have already served Defendants with their motion.   Thus, a ex parte motion for a temporary restraining order is not proper.   Regardless, based on the four factors that must be reviewed to grant an restraining order or injunction, Plaintiffs have not met their burden.

The first factor requires that the Court review Plaintiffs' likelihood of succeeding on the this action's merits.   Plaintiffs contend that they are likely to succeed on this action's merits because Plaintiff allege that the Agreement violates California law.   California Business and Professional Code Section 16600 provides: "Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." Cal. Bus. & Prof.Code § 16600.

Plaintiffs' arguments that Section 16600 prohibits the Agreement appear to have some merit at first glance.  However, Plaintiffs have failed to address the foremost issue before this Court:   In light of the Minnesota Action and injunction issued by the District Court in the Minnesota Action, should, or even can, this Court enjoin the injunction issued in the Minnesota Action?   Related to this question are issues involving jurisdiction, the "first to file" rule, abstention, venue, and any possible contracted forum selection or choice of law clauses.   The Court cannot find Plaintiffs are likely to succeed on this action's merits given the absence of citation to legal authority or evidence on these issues.

The federal courts have embraced "the general principle [of] avoid[ing] duplicative litigation" amongst themselves. Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 818 (1976).    One way the courts realize this principle is through the "first-to-file rule".  A district court may decline to exercise jurisdiction over a case when an action involving substantially the same parties and issues is pending elsewhere. Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1161 (9th Cir. 2011); Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94–95 (9th Cir. 1982).    The first-to-file rule permits the second district court to exercise its discretion to transfer, stay, or dismiss the second suit in the interests of efficiency and judicial economy.

Cedars-Sinai Med. Ctr. v. Shalala, 125 F.3d 765, 769 (9th Cir. 1997).   From Plaintiffs' briefs, it is clear the Minnesota Action was filed prior to the filing of this action in the Fresno County Superior Court or its removal to this Court.   The jurisdiction and authority of this Court to enter an injunction exactly opposite to the one entered in the Minnesota Action has not been adequately addressed or briefed.   At this time, Plaintiffs have not shown that they are likely to succeed on the merits of this action in light of the first to file rule and other jurisdictional questions.[1]

The Court has reviewed Plaintiffs' evidence of harm if Plaintiff Nicolas Walters is not allowed to conduct sales in his profession.   At this time, any delay will be short and the Court is not making a final finding in Defendants' favor.   Plaintiffs have already been subject to an injunction since May 16, 2013, and it appears Plaintiffs' arguments under Section 16600 will be addressed by the District Court in the Minnesota Action or this Court once appropriate briefing is provided.   In addition, Plaintiff Nicolas Walters signed the Agreement.   Even if it violates Section 16600, Plaintiff should have known some litigation may be involved before the Agreement's validity or invalidity was established.   Further, Plaintiffs' own evidence shows that as part of Plaintiff CargoBarn Inc.'s offer of employment to Plaintiff Nicholas Walters, the issue of a covenant not to compete and other agreements with C.H. Robinson was raised, implying that both Plaintiffs were on notice that the presence of a covenant not to compete and any resulting litigation may delay Plaintiff Nicholas Walters from conducting all aspects of his new job. While the Court does find some harm if the current agreements and orders remain in effect, this Court simply cannot find irreparable harm given the facts currently provided to this Court.

In this case, the factor requiring the Court to determine if the balance of equities tips in Plaintiffs' favor, is similar to the issue of harm.   Plaintiff Nicholas Walters entered into the Agreement with C.H. Robinson.   If Plaintiff CargoBarn Inc. was unaware of the Agreement, it

---

[1] Whether this Court has subject matter jurisdiction over this action remains unclear. This action was removed from the Fresno County Superior Court based on Diversity Jurisdiction pursuant to 28 U.S.C. § 1332.  However, both Plaintiffs and one Defendant appear to be California citizens, and Diversity Jurisdiction is only available if Defendants can show one Defendant is a sham Defendant.

did understand that the presence of such a covenant may impact, or at least delay, Plaintiff Nicholas Walters' ability to fullfill all job requirements.

The issue that most favors an injunction is one not discussed by Plaintiffs. The factor requiring the Court to review whether an injunction is in the public interest tilts toward Plaintiffs' favor under California law. Under California law, Section 16600 represents a strong public policy of the state. Edwards v. Arthur Andersen LLP, 44 Cal.4th 937, 950 (2008). However, Plaintiffs may raise the issue of Section 16600 and the application of California law in the Minnesota Action. There is no reason to believe that the District Court in the Minnesota Action will not or cannot entertain Plaintiffs' choice of law arguments or that it cannot apply California law, if it is determined that California law governs. Thus, this factor is insufficient to provide for a temporary restraining order at this time.

## CONCLUSION AND ORDER

Plaintiffs motion for a temporary restraining must be denied. After considering the motion, the Court finds that Plaintiffs have not sufficiently established a likelihood of success, irreparable injury, and that the balance of hardships and public interest weigh in their favor.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for an ex parte temporary restraining order is DENIED.

IT IS SO ORDERED.

Dated: May 30, 2013

SENIOR DISTRICT JUDGE